IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER L. TIMS,<br><br>   Petitioner,<br><br> vs.<br><br>GAIL LEWIS, Warden,<br><br>   Respondent. | No. C 05-2437 JSW (PR)<br><br>**ORDER TO SHOW CAUSE AND DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT**<br><br>(Docket no. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the $5.00 filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree burglary and residential robbery by a jury in Alameda County, and on July 12, 2000, he was sentenced to sixty years-to-life in state prison. Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction in 2002, and to the Supreme Court of California, which denied Petitioner's petition for review, also in 2002.

In early 2003 Petitioner filed three federal habeas corpus petitions. In an order dated June 3, 2003, this Court consolidated all three actions into one, *Tims v. Scribner*, 03-1058 JSW. Because the petition contained both exhausted and unexhausted claims, the Court dismissed the petition with leave to amend as a mixed petition. The Court explained to Petitioner the possible procedural outcomes of his claims if he chose either to amend the petition to delete the unexhausted claim, or to dismiss the entire petition to return to state court to exhaust all state court remedies. Thereafter, Petitioner filed a request for the voluntary dismissal of his petition so that

he could exhaust his unexhausted claim in state court.  The Court granted the request and entered an order dismissing the petition without prejudice on July 10, 2003.[1]

After seeking state habeas corpus relief, Petitioner filed the present petition.

**DISCUSSION**

I.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II.   Legal Claims

The petition raises the following grounds for relief: (1) the withholding of evidence by the prosecution which would have exonerated Petitioner of guilt for the burglary and robbery counts; (2) the admission of hearsay evidence in violation of the right to confrontation; (3) instructional error; and (4) the trial court's erroneous denial of Petitioner's *Wheeler/Batson* motion based on the prosecutor's improper use of peremptory challenges against prospective African-American jurors.  As it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The motion to proceed *in forma pauperis* is DENIED as moot, because Petitioner has paid the filing fee.  (Docket no. 2.)

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all

---

[1] On page 4 of the present petition, Petitioner states that his first federal habeas petition is still "Pending in Abeyance."  As noted, however, the Court dismissed the petition without prejudice.

2

1 attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State
2 of California.  The Clerk also shall serve a copy of this order on Petitioner.

3   3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of
4 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
5 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
6 Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state
7 trial record that have been transcribed previously and that are relevant to a determination of the
8 issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by
9 filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his
10 receipt of the answer.

11   4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
12 as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254
13 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on
14 Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of
15 the motion, and Respondent shall file with the Court and serve on Petitioner a reply within
16 **fifteen (15)** days of receipt of any opposition.

17   5. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
18 the Court informed of any change of address by filing a separate paper captioned "Notice of
19 Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do
20 so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
21 Civil Procedure 41(b)

22   IT IS SO ORDERED.
23 DATED:  January 12, 2006
24          JEFFREY S. WHITE
         United States District Judge

3